| | |
|---|---|
| 1 | Todd M. Friedman (SBN 216752) |
| 2 | Adrian R. Bacon (SBN 280332) |
|   | LAW OFFICES OF TODD M. FRIEDMAN, P.C. |
| 3 | 21031 Ventura Blvd., Suite 340 |
| 4 | Woodland Hills, CA 91364 |
|   | Phone: 323-306-4234 |
| 5 | Fax: 866-633-0228 |
| 6 | tfriedman@toddflaw.com |
|   | abacon@toddflaw.com |
| 7 | *Attorneys for Plaintiff* |

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL ANTHONY, individually and on behalf of all others similarly situated, | ) ) ) ) ) | Case No. |
| | ) | **CLASS ACTION** |
| Plaintiff, | ) ) ) | **COMPLAINT FOR VIOLATIONS OF:** |
| vs. | ) ) ) | 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)] |
| BROKER SOLUTIONS, INC. d/b/a NEW AMERICAN FUNDING, and DOES 1 through 10, inclusive, and each of them, | ) ) ) ) ) | 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)] |
| Defendant. | ) ) ) | **DEMAND FOR JURY TRIAL** |

Plaintiff MICHAEL ANTHONY ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief

CLASS ACTION COMPLAINT

- 1 -

based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of BROKER SOLUTIONS, INC. d/b/a NEW AMERICAN FUNDING ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls and messages are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

## JURISDICTION & VENUE

5. Jurisdiction is proper under 28 U.S.C. § 1331 because Plaintiff's claims arise under a law of the United States.

6. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) because Defendant is a corporation of the State of California and maintains its principal place of business in Tustin, California.

## PARTIES

7. Plaintiff, MICHAEL ANTHONY ("Plaintiff"), is a natural person residing in the Commonwealth of Pennsylvania and is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant, BROKER SOLUTIONS, INC. d/b/a NEW AMERICAN FUNDING ("Defendant") is a mortgage lending company, and is a "person" as defined by 47 U.S.C. § 153(39).

9. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when

such identities become known.

10. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

11. On or about August 9, 2022, Defendant contacted Plaintiff repeatedly on Plaintiff's cellular telephone number ending in -x555, in an attempt to solicit Plaintiff to purchase Defendant's services.

12. Defendant contacted or attempted to contact Plaintiff from telephone number (877) 596-7167, confirmed to be Defendant's number.

13. Defendant also sent Plaintiff text messages originating from an SMS short code, 51614.

14. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

15. Further, Plaintiff's cellular telephone number ending in -x555 was added to the National Do-Not-Call Registry on May 20, 2004, eighteen years prior to Defendant's initial call.

16. Defendant placed eleven (11) calls and sent eleven (11) text messages soliciting its business to Plaintiff on his cellular telephone ending in -x555 on or about August 9, 2022.

17. Defendant placed its calls and text messages to Plaintiff in rapid and consistent succession, such that at one point Plaintiff was on the line answering a call as another was coming in.

18. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

19. Plaintiff received at least one solicitation call from Defendant within a 12-month period.

20. Defendant called Plaintiff in an attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA.

21. Upon information and belief, and based on Plaintiff's experiences of being called by Defendant after being on the National Do-Not-Call list for several years prior to Defendant's initial call, and at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

## CLASS ALLEGATIONS

22. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the proposed class (hereafter, "the Class").

23. The Class is defined as follows:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of this Complaint through the date of class certification.

24. Plaintiff represents, and is a member of, the Class, consisting of all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the Complaint through the date of class certification

25. Defendant, its employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

26. The Class is so numerous that the individual joinder of all members is impractical. While the exact number and identities of members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class includes thousands of members. Plaintiff alleges that the members' identities may be ascertained by the records maintained by Defendant.

27. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the Class members whose telephone numbers were on the National Do-Not-Call Registry. Plaintiff and the Class members were damaged thereby.

28. Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendant or its agents placed more than one solicitation call to the members of the Class whose telephone numbers were on the National Do-Not-Call Registry and who had not granted prior express consent to Defendant and did not have an established business relationship with Defendant;

b.  Whether Defendant obtained prior express written consent to place solicitation calls to Plaintiff or the Class members' telephones;

c.  Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

d.  Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

29. As a person that received numerous solicitation calls from Defendant within a 12-month period, who had not granted Defendant prior express consent and did not have an established business relationship with Defendant, Plaintiff is asserting claims that are typical of the Class.

30. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

31. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all members of the Class is impracticable. Even if every member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member of the Class.

32. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such

adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

33. Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(c)**

**Individually and on Behalf of the Class**

34. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227(c)(5).

36. As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff and the Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

37. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(c)**

**Individually and on Behalf of the DNC Class**

38. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

39. The foregoing acts and omissions of Defendant constitute numerous

and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), in particular 47 U.S.C. § 227(c)(5).

40. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff and the Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

41. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(c)**

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(c)**

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).
- Any and all other relief that the Court deems just and proper.

CLASS ACTION COMPLAINT

- 9 -

42. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 20th Day of December, 2022.

                    LAW OFFICES OF TODD M. FRIEDMAN, P.C.
              By:  /s/ Todd M. Friedman
                   Todd M. Friedman
                   Law Offices of Todd M. Friedman, P.C.
                   Attorney for Plaintiff